UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAVEN GRIFFIN,

              Petitioner,

v.                                             Case No. 18-cv-1099-pp

IAN VANCE-CURZEN,
and BRAD SCHIMEL,

              Respondents.

---

**ORDER DENYING *HABEAS* PETITION (DKT. NO. 1) AND DISMISSING CASE**

---

On July 17, 2018 the petitioner, representing herself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. She paid the $5.00 filing fee. The petitioner is not eligible for *habeas* relief, and the court will dismiss the petition.

Under Rule 1(b) of the Rules Governing 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

There are several problems with the petition. First, the Local Rules for the Eastern District of Wisconsin require that

1

> [a]ll persons applying for or petitioning for release from custody under 28 U.S.C. §2241 or 28 U.S.C. §2254, or moving under 28 U.S.C. §2255 to challenge a sentence imposed by this Court must file their application, petition, or motion with the Clerk of Court using the forms available from the Court. The Clerk of Court will provide the forms and directions for their preparation without charge.

Civil L.R. 9(a) (E.D. Wis.). The petitioner did not prepare her petition on the form provided by the Eastern District of Wisconsin. Instead, she submitted a thirty-page petition using her own formatting.

Next, the petitioner says that she seeks *habeas* relief under 28 U.S.C. §2241. Dkt. No. 1 at 1. A federal prisoner who wants to collaterally attack her sentence usually must seek relief under 28 U.S.C. §2255. Beason v. Marske, 926 F.3d 932, 935 (7th Cir. 2019). The court has checked the Bureau of Prisons' inmate locator site, and the petitioner is not in federal custody. https://www.bop.gov/inmateloc./ (last visited February 10, 2020).

A "state prisoner who challenges the fact or duration of [her] confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). If a person is in state custody as a result of a state court judgment and wants to challenge that custody, the person must do so under 28 U.S.C. §2254, not 28 U.S.C. §2241. Walker, 216 F.3d at 633 ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody . . . ."). See also, Barnes v. Baldwin, No. 19-cv-00635-SMY, 2019 WL 3975176 (S.D. Ill. 2019) (dismissing state prisoner's challenge to his state criminal conviction because it was improperly brought under §2241, rather than §2254). The court has checked the Wisconsin Department of Corrections' web site, and the petitioner is not in state custody.

https://appsdoc.wi.gov/lop/searchbasic.do (last visited February 10, 2020). Nor is she in the Milwaukee County Jail, www.inmatesearch.mkesheriff.org, or the Waukesha County Jail, https://www.waukeshacounty.gov/jail-division/current-inmate-list/ (last visited February 20, 2020).

Section 2241 is the "general federal habeas corpus statute." Chazen v. Marske, 938 F.3d 851, 856 (7th Cir. 2019). Members of the armed forces who are seeking federal civil review of court-martial convictions may do so under §2241. Clinton v. Goldsmith, 526 U.S. 529, 537 n.11 (1999). An illegal alien who is challenging the amount of time she's been detained pending removal or deportation may use §2241 to do so. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). A person who is in custody "on some authority other than a state-court judgment" may use §2241 to seek release. See, *e.g.*, Barnes, 2019 WL 3975176, at *2. A federal prisoner may use §2241 to challenge her conviction or sentence if the remedy under §2255 is "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. §2255(e). It does not appear from the court's review of the petition that the petitioner falls into any of these categories.

Nor does the petition name the appropriate respondents. Under 28 U.S.C. §2242, a person who files a §2241 petition must name as respondents "the person who has custody over [him]." The petitioner names two respondents—Ian Vance-Curzen, who is an assistant district attorney in Milwaukee County (https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1092906, last visited February 10, 2020), and Brad Schimel, who currently is a circuit court judge in Waukesha County, and who at the time the petitioner filed her petition, was the attorney general for

the state of Wisconsin. Neither of these individuals are wardens or custodians of any jail or prison facility.

It appears that the petitioner is not in *anyone's* custody. She listed her address on the petition as a post office box in Milwaukee. Dkt. No. 1 at 35. As the court has discussed, it can't find her in federal prison, state prison or either the Milwaukee or Waukesha County jails. In the petition, the petitioner asserted that "custody includes not only physical custody, but also restraints that are severe, immediate, and not shared by the public generally," and she argues that "[a] bail or bond is a restraint for habeas corpus purposes." Id. at 2.

As far as the court can tell, the petition alleges that in July 2018—the time she filed her petition—she was being prosecuted in Milwaukee County Circuit Court and she felt the prosecution violated the Constitution or laws of the United States. The petition itself contains pages and pages of vague allegations about the "state proceedings"—how they are unfair, and how they have deprived her of her rights. Along with the complaint, she filed what appears to be (1) police dispatch records and police reports from July of 2016 relating to a strong-arm robbery, dkt. no. 1-1 at 2-6, (2) a page of a transcript from an unidentified court proceeding, dkt. no. 1-1 at 7; (3) a May 2017 affidavit from the petitioner asserting certain unfair pretrial and trial proceedings occurring in Milwaukee County Court Case Number 2016CF003074, dkt. no. 1-1 at 8-11; (4) three pages of an unidentified court transcript (at which Vance-Curzan is identified as the prosecutor), dkt. no. 1-1 at 11-14; (5) a "motion to dismiss" with the caption for Milwaukee County Case Number 2016CF3074 and signed by the petitioner, dkt. no. 1-1 at 15-24; (6) another page of Milwaukee police department dispatch records for an event on

July 7, 2016, dkt. no. 1-1 at 25; a second motion in Milwaukee County Case No. 2016CF3074, signed by the petitioner, dkt. no. 1-1 at 26-33; (7) a motion objecting to non-Article III judicial participation captioned for Milwaukee County Case No. 2016CF3074, dkt. no. 1-1 at 34-36; and several documents from the Wisconsin Court of Appeals and the Supreme Court of Wisconsin, relating to Milwaukee County Case No. 2016CF3074, id. at 37-40.

The court has reviewed the publicly available docket for Milwaukee County Case No. 2016CF3074. See State v. Griffin, Milwaukee County Circuit Court Case No. 16CF003074 (available electronically at https://wcca.wicourts.gov). That docket shows that on July 9, 2016, a complaint was filed against the petitioner. The court ordered the petitioner released on a signature bond on July 10, 2016. On August 2, 2016, the circuit court allowed the petitioner's counsel to withdraw and allowed her to represent herself. As of July 17, 2018—the date the petitioner filed this case in federal court—the plaintiff was scheduled for trial on July 23, 2018. The state docket shows that the trial went forward on July 23, 2018, and that on July 25, 2018—eight days after the petitioner filed this petition—the jury returned a not-guilty verdict in favor of the defendant, and she was acquitted of the charge.

So—the petitioner filed this §2241 petition to challenge a state criminal prosecution that, at the time she filed this petition, was on-going. "[F]ederal courts must ordinarily abstain from enjoining ongoing state judicial proceedings that offer an adequate opportunity for review of constitutional claims." Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971). When she filed this petition, the state judicial proceeding offered her an adequate opportunity for review of any

constitutional violations—in fact, the petitioner frequently used that remedy by filing motions with the circuit court and with the Supreme Court. If the court had reviewed the petition the minute the petitioner filed it, the court would have had to dismiss under the doctrine of Younger abstention.

The petitioner appears to have believed that a *habeas* petition was appropriate because the state court imposed bail conditions. It is true that "the law of habeas corpus . . . considers a person who is released on bail to be 'in custody' for purposes of testing the legality of the custody via the writ." Mitchell v. City of Elgin, 912 F.3d 1012, 1016 (7th Cir. 2019) (citing Burris v. Ryan, 397 F.2d 553, 555 (7th Cir. 1968)). But the petitioner no longer is subject to the conditions of bail, because she was acquitted on the state charges. So any argument that she is subject to unlawful bail is moot.

Finally, the court notes that this is not the first time the petitioner has tried to challenge the state prosecution in this court. On March 8, 2017, she filed a §2241 petition, naming Irene Parthum (the original prosecutor, according to the state docket) and Brad Schimel (whom she identified as "Brad Schmiel"). Griffin v. Parthum, *et al.*, Case No. 17-cv-338-LA (E.D. Wis.). The allegations in that petition were the same allegations the petitioner makes in this one. On April 4, 2018, Judge Adelman dismissed that petition for the petitioner's failure to diligently pursue it. Id. at Dkt. No. 22. On May 5, 2017—two months later—the petitioner filed a petition for a writ of mandamus, naming the Wisconsin Supreme Court. Griffin v. Wisconsin Supreme Court, Case No. 17-cv-648-LA (E.D. Wis.). The exhibits she attached to that petition were the Supreme Court's decision denying her petition for a writ of error in Milwaukee County Circuit Court Case No. 2016CF3074 and other documents from the state case. Id. at Dkt. No. 1-1. Judge Adelman dismissed that petition

on July 11, 2017 because he found that the writ of mandamus was not the appropriate mechanism for the petitioner to use to obtain the relief she wanted. Id. at Dkt. No. 7. The petitioner also has filed two civil rights cases related to the criminal prosecution—Griffin v. Milwaukee County Courthouse, *et al.*, Case No. 18-cv-631-JPS (E.D. Wis.), which Judge J.P. Stadtmueller dismissed on June 11, 2018 because the state case remained pending at the time she filed it (Dkt. No. 20 of the civil rights case), and Griffin v. Garcia, 19-cv-1070-PP (E.D. Wis.), which is pending before this court.

The petition was premature, because the petitioner filed it while her criminal prosecution remained pending, and it now is moot, because she no longer is under any restriction that could be confined as "custody" for *habeas* purposes. The court will dismiss the petition and the case.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 528 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed as premature and moot.

### III. Conclusion

The court **DENIES** the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED** and will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 11th day of February, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**